# TROY LAW, PLLC

ATTORNEYS / COUNSELORS AT LAW
Tel: (718) 762-1324   troylaw@troypllc.com   Fax: (718) 762-1342
41-25 Kissena Boulevard, Suite 119, Flushing, NY 11355

February 12, 2019

**Via ECF**
Hon. Lois Bloom, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    **Plaintiff's Status Report**
             1:18-cv-04615 *Zhang v. BrightRay Dental, P.C. et al*

Your Honor,

      This office represents the Plaintiffs in the above-captioned matter. We write respectfully, first to apologize for our mistake in not submitting this status report earlier. We had confused it with the mediation report ordered on January 30, 2019, due February 12, 2019 (electronic order). Second, we write in response to Defendants' status report filed February 8, 2019 (Dkt. No. 16), to address incorrect and inappropriate statements made characterizing Plaintiffs' conduct during and after the mediation held on January 29, 2019.

      In the first place, the conduct of the parties at mediation is confidential, and a description thereof should not have been filed to the public docket. The status report should have been limited to the results of the mediation. Now that representations have been made, however, we feel obligated to respond. It is not correct that Plaintiff refused to negotiate in good faith. Both Plaintiff and Defendants, through their counsel, made several good-faith offers and counter-offers back and forth during the mediation. Those offers approached, but did not reach, each other. The mediation was definitively closed at the end of the unsuccessful mediation session. The mediator electronically reported that mediation was closed on January 30, 2019 via the Court's CM/ECF system.

      Despite the mediation officially being closed, the Defense unilaterally contacted the mediator to relay a further offer to Plaintiff's counsel rather than making their offer themselves. This unilateral deputation of an ostensible third-party neutral after the mediation was officially closed was highly inappropriate in itself. It was especially inappropriate to do so before Plaintiff's counsel received any authorization from Plaintiff to re-open the mediation. The mediator tried to bring up Defendants' offer after Plaintiff's counsel had called him to discuss an unrelated matter. For all of these reasons, Plaintiff's counsel did not continue said conversation with the mediator.

      Plaintiff looks forward to the status conference scheduled for February 21, 2019, and is currently working with Defendants to revise the proposed discovery plan in accordance with the Court's order of February 11, 2019.

      Plaintiff's position is that efforts at settlement would be more efficacious following a resolution, one way or another, of Plaintiff's contemplated motion for conditional collective

Hon. A. Kathleen Tomlinson, U.S.M.J.
February 12, 2019
2:15-cv-08396-AKT *Singh v. A & A Market Plaza, Inc. et al*
Page 2 of 2

certification—and if that motion is successful, after the opt-in period closes. This would allow the settlement of a closed universe of claims, and protect Defendants from multiple duplicative lawsuits too.

    We apologize once again for our error in confusing the status report and the mediation report.

    We thank the Court for its attention to and consideration of this matter.

                                      Respectfully submitted,
                                      TROY LAW, PLLC

                                      /s/ John Troy
                                      John Troy, Esq.
                                      *Attorney for Plaintiffs*

cc: via ECF
    all counsel of record