```
FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★  FEB 27 2019  ★
BROOKLYN OFFICE
```

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
YAN ZHANG a/k/a SOPHIA ZHANG, on her own :
behalf and on behalf of others similarly situated, :
:
                       Plaintiff, :
:
      -against- :
:
BRIGHTRAY DENTAL P.C. d/b/a BRIGHT RAY :
DENTAL; LEI HUANG a/k/a RAYMOND :
HUANG and SONIA YANG, :
:
                      Defendants. x
------------------------------------------------------------

MEMORANDUM & ORDER

18-cv-4615 (ENV) (LB)

VITALIANO, D.J.

      On February 13, 2019, defendants filed an offer of judgment pursuant to Federal Rule of Civil Procedure 68 in this action brought under the Fair Labor Standards Act ("FLSA"). Dkt. No. 18. On February 18, 2019, plaintiff filed a notice of acceptance of defendants' offer of judgment. Dkt. No. 20. The Clerk of Court entered judgment on February 21, 2019. Dkt. No. 22.

      Ordinarily, settlements of FLSA actions are subject to district court review pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). The language of Rule 68 is mandatory, however, and requires the clerk to "enter judgment" once an offer of judgment has been accepted. Given that the settlement here will not extinguish the rights of any potential plaintiffs not named as parties, and because the "majority of district courts in this Circuit have held that judicial approval is not required for Rule 68 offers of judgment," *Anwar v. Stephens*, No. 15-CV-4493(JS)(GRB), 2017 WL 455416, at *1 (E.D.N.Y. Feb. 2, 2017), the Court holds



1

that a *Cheeks* fairness review is not necessary here.[1]

The parties are directed, within 14 days of the entry of this Order, to file a stipulation of dismissal of this action or a letter explaining why the case should not be dismissed.

So Ordered.

Dated: Brooklyn, New York
February 26, 2019

/S/ USDJ ERIC N. VITALIANO
ERIC N. VITALIANO
United States District Judge

---

[1] The Court notes, however, that a pending Second Circuit appeal may resolve any conflict between *Cheeks* and Rule 68. *See Mei Xing Yu v. Hasaki Rest., Inc.*, 874 F.3d 94, 98 (2d Cir. 2017) (granting leave to appeal).